IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARION JOHNSON,
    *Plaintiff*,

v.

CAROLYN COLVIN,
Commissioner of Social Security,
    *Defendant*

No. 21-cv-1545-BPG

**MEMORANDUM OPINION**

Before the Court is a motion by Theodore A. Melanson, Esq. requesting attorneys' fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff Marion Johnson in a Disability Insurance Benefits appeal in this Court. ECF No. 28. The Social Security Administration ("SSA") "neither supports nor opposes counsel's request for attorney's fees" but asks the Court to consider whether Mr. Melanson's requested amount of $26,271.25 constitutes a reasonable fee. ECF No. 30 at 1-2. For the following reasons, the Court will grant Mr. Melanson's fee motion.

This action was filed on June 22, 2021. ECF No. 1. After considering the parties' briefs, this Court (Judge Gesner) remanded the action upon finding that the administrative law judge's analysis was inadequate. ECF No. 21 at 4. On August 12, 2022, the Court awarded Mr. Melanson $4,089.57 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 24. On remand, Plaintiff prevailed and received an Award Notice in which she was awarded past due benefits of $105,599.

ECF No. 28-2.[1] Mr. Melanson filed a motion, seeking to collect twenty-five percent of that amount ($26,271.25), as Ms. Johnson agreed would constitute the compensation to counsel if her claim were allowed. ECF No. 14-5 at R. 131 (retainer fee agreement). Mr. Melanson agrees to reimburse Plaintiff the $4,089.57 he previously received in EAJA fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorneys' fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Further, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). *See also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," for example, "past-due benefits 'are large in comparison to the amount of time counsel

---

[1] In the motion, counsel asserts that the past-due benefits are $79,327.75. As pointed out by the Commissioner, however, "this is the amount Plaintiff is to be paid after 25 percent of her past-due benefits [($26,271.25)] are withheld." *See* ECF No. 30 at 2, n.4. Thus, the total past-due benefits are $105,599.

2

spent on the case'"). Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Melanson and Plaintiff entered into a contingent fee agreement under which Plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive benefits to which Plaintiff might become entitled. ECF No. 14-5 at R. 131. In his previous motion for attorneys' fees pursuant to the EAJA, Mr. Melanson submitted a sworn affidavit reflecting that he spent 18.4 hours in this case representing Plaintiff before this Court. ECF Nos. 22-7 ¶ 7; 22-8. If Mr. Melanson receives the full amount of fees he requests, his fee will effectively total $1,427.79 per hour when measured against only the hours spent on this litigation, as opposed to administrative proceedings. Mr. Melanson must therefore show that an effective rate of this amount is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Melanson has been practicing Social Security law since December 2014. ECF No. 22-7 ¶ 5. The judges of this Court often look to the "Guidelines Regarding Hourly Rates" in Appendix B of our Local Rules, as a reference point. Although those Guidelines do not explicitly govern in Social Security cases, and have not been updated in some time, the Guidelines can at least provide rough guidance for rates the Court has found reasonable, though even the Guidelines themselves "recognize[] that there are attorneys for whom, and cases for which, the market rate differs from these guideline rates." Loc. R. App. B at 127 n.*. For attorneys "admitted to the bar for nine (9) to fourteen (14) years," like Mr. Melanson, the presumptively reasonable hourly rate is between $225 and $350 per hour. Loc. R. App. B.3.b. Mr. Melanson's stated hourly billing rate of $300 falls within this range. *See* ECF No. 22-2 ¶ 6.

3

When measured against the Guidelines, and based on the hours that Mr. Melanson had devoted solely to the litigation phase of his representation of Ms. Johnson, the requested fee results in approximately four times the top hourly rate for Mr. Melanson's band of experience under the Guidelines. *See* Loc. R. App. B. But as the judges of this Court have recognized, it is customary in Social Security cases to approve significantly higher effective rates than those listed in the local rules and which are commensurate with the rate Mr. Melanson seeks in this case. *See Trenton A. v. Comm'r, Soc. Sec. Admin.*, No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022) (awarding an effective rate of $1,228.37); *Jeremy G. v. Saul*, No. CV DLB-19-88, 2021 WL 1840527, at *1 (D. Md. May 7, 2021) (awarding Mr. Melanson an effective rate of $1,430.11).

The Court concludes that the requested fee is reasonable. In taking the case on contingency, Mr. Melanson agreed to the possibility of no fees and his client agreed to pay him 25 percent of all retroactive benefits to which she might become entitled. In this case, over the course of more than three years, Mr. Melanson's effective advocacy resulted in a favorable decision for Plaintiff, whose back benefits, as noted above, were in excess of $100,000. Even though the effective hourly rate is more than four times Mr. Melanson's typical hourly rate and the rate listed in the Local Rules, the requested fee is reasonable in light of Mr. Melanson's direct role in Plaintiff's successful claim.

For these reasons, the Court will grant Mr. Melanson's request for fees. This Court will award Mr. Melanson fees totaling $26,271.25, and Mr. Melanson is directed to reimburse to Plaintiff the $4,089.57 Mr. Melanson received pursuant to the EAJA.

A separate order follows.

Date:  December 16, 2024                             /s/
                                          Adam B. Abelson
                                          United States District Judge

5